# United States Federal Court
## Southern District of Florida

Joan M. Petty
107 Grapefruit Ave. NW.
Lake Placid, Florida 33852
Phone/Fax: 863-465-1200
Plaintiff,

**09-14225-Civ-MARTINEZ/LYNCH**
Case No._____
Complaint (28 U.S.C.§ 1332
Demand for Jury Trial

Vs.

Patrick J. Leahy, Edward M. Kennedy, Sheldon Whitehouse, Tom Harkin, Dianne Feinstein, Richard J. Drubin, Bernard Sanders, Russell D. Finegold, Henry A. Waxman, John Conyers Jr., John D. Dingell, Frank Pallone, Jr., Bart Stupak, Zoe Logren, Linda Sanchez, Debbie Wassermn Schultz, Maxine Waters, Peter Welch, Slate Gorton, John Rockefeller, Christopher Dodds, John Danforth and John and Jane Doe{s}.
Defendants.

FILED by ___LH___ D.C.
ELECTRONIC

JULY 6, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## CLAIM OF UNCONSTITUTIONALITY
## and
## VIOLATION OF FUNDAMENTAL RIGHTS

NOW COMES, JOAN M.PETTY, Plaintiff who states and Alleges the named DEFENDANT {S] et al., Patrick J. Leahy, Edward M. Kennedy, Sheldon Whitehouse, Tom Harkin, Dianne Feinstine, Richard J. Durbin, Bernard Sanders, Russell D. Feingold, Henry A. Waxman, John Conyers Jr., John D. Dingell, Frank Pallone, Jr., Bart Stupak, Zoe Logren, Linda Sanchez, Debbie Wasserman Schultz, Maxine Waters, Slate Gorton, John Rockefeller, Christopher Dodds, John Danforth, Peter Welch and John and Jane Doe[s} includes the Chairmen of the United States Senate and House Committees of the Judiciary, Chairman of the Senate Committee on Health, Education, Labor and Pensions, The Chairmen of the House Committee on Energy and Commerce, The Chairmen of Subcommittee on Health and the Subcommittee on Oversight and Government Reform, as well as Members of these Committees. Have extensive experience in Federal Pharmaceutical regulation and Federal preemption issues under the Federal Food, Drug and Cosmetic Act. This Action is in the Original Jurisdiction virtue of 28 U.S.C.§1332 (d)(2) Amount in controversy and cost.

(1.)   Plaintiff, JOAN M.PETTY, Alleges that DEFENDANT [S] et al., have Participated in numerous legislative proceeding concerning Federal Food,

1

Drug and Cosmetic Act preemption, most recently in the context of the Food and Drug Administration Amendments Act of 2007 (FDAAA) Pub. L. No. 110-85, 1221 Stat. 823(2007) and S. 687(1993) against the best interest of the consuming public.

(2.) Plaintiff JOAN M. PETTY Alleges that DEFENDANT [S] et al., conducted public hearings on preemption issue, such as Regulatory Preemption: Federal Agencies, Usurping Congressional and State Authority, DEFENANT [S] et al., also conducted Hearings before the Senate Committee on the Judiciary, 110th Cong. 1 Sess. Sept. 12, 2007 *Hereafter* Senate Regulatory Preemption Liability Claims, shall be Liability Claims and also should the FDA Drug and Medical Devise Regulation Bar State Liability claims. "*Thusly*," Hearing before the House Committee on Oversight and Government Reform 110th Cong. 2d. Sess. May 14,2008 shall, Hereafter be House FDA Preemption Hearing.

(3.) Plaintiff, JOAN M.PETTY, States and Alleges that this case presents a question of <u>Congressional Intent</u>. This Court has explained "[t] he purpose of Congress is the ultimate touchstone in every pre-emption case."

*Medronic Inc. v. Lohr, 528 U.S. 470,485(1996) (citation and internal quotation marks omitted): see also Cipollone v. Liggett Group, Inc. 505, 516(1992) (same).*

DEFENDANT [S] are uniquely situated to address the question of <u>Congressional Intent</u> at the center of this case. Although the individual Named DEFENDANT [S] at all capacities are not on behalf of Congress

2

itself, their views are informed by their collective experiences as Members of Congress.

(4.) Plaintiff JOAN M.PETTY, Alleges that DEFENDANT [S] et al., did misled Congress as a whole and violated their TITLE (*Elected Office*), TRUST (*given to them*,) and the BOND, (*The elected posted as Good Faith*), Now they did also neglect the care required of their elected office, of the Consumer Public by Preemption of the Law and the Omission of Product Liability as legal remedy for Defective Prescription Drugs and Medical Devises of 1962.

(5.) Plaintiff JOAN M. PETTY, Alleges DEFENDANT [S] et al., did <u>MALFEASANCE</u> in their respective elected office, and committed <u>DERELICTION OF DUTY</u> by not supporting and defending the United States Constitutional Oath of obligation to protect the American Public. <u>GROUNDS FOR TREASON.</u>

Instead the named DEFENDANT [S] chose to leave a Protective Shield of Immunity in place for the benefit of Defective Prescription Drug Manufacturers.

### *Memorandum of Fact and Law*

(6.)"Fundamentally" [p] re-emption has at its, core, the question of <u>Congressional Intent</u>" English v. General Elect. Co. 496 U.S. 72,78 (1990). Plaintiff JOAN M. PETTY, ascribes to Congress the unconscionable yet Considered and Rendered judgment to displace State Tort Remedies. *Thereby* striping consumers of there right to receive compensation for injuries caused by Example: inadequate label warnings on the part of

3

drug manufacturers. As replacement Congress has made NO LAW or Judgment to protect the public from the lawlessness of the Pharmaceutical empire Merck et al.

(7.) To the contrary: when Congress enacted the Federal Food, Drug and Cosmetic Act 70 years ago, it deliberately preserved State Law damages Claims. Since that time Congress has consistently mis-understood that

### Federal Law does not and should not preempt any State Law's failure to Warn Claims with respect to drugs approved by the FDA.

For decades now numerous State Law Case Actions involving FDA approved Pharmaceuticals have not been prosecuted to final judgment settlement.

(8.) The Courts, and until recently, the FDA shared Congress's view that Federal Labeling Rules creating only bare minimum requirements thus immunizing drug companies from Liability under State Law. This practice of ostensibly permitting State Law Claims. Tort in practice and coupling that with the commonly interpreted understanding of the statute's meaning among the Courts, Congress and the FDA, created precisely the kind of " well embedded statutory" interpretation thusly misleading all concerned. Together they advanced a radical legal position practice that legal position posed the FDA Act approval as displacing State Failure to Warn claims for Federally approved drugs. Ultimately this change bars the kind of Traditional State Law Actions that have been brought for decades

4

under the Federal Food, Drug and Cosmetic Act.

(9.)   Plaintiff JOAN M. PETTY, Alleges, the DEFENDANT [S] did, indeed, allow the FDA to adopt regulations that would preempt "Failure to Warn" lawsuits under State Law, Plaintiff, JOAN M. PETTY, states that the DEFENDANT [S] within Congress protected their intention that FDA govern the preemption inquiry. The FDA's attempt to expand the Preemptive scope within their regulatory scheme is an unlawful power grab. *Alexander v. Sandoval. 532 U.S. 275,291 (2001).*

(10.)   Furthermore, the FDA's position to extend their Federal level Preemptive scope poses a threat not only to injured consumers and the states, but also to the separation of powers and the constitutionally assigned role of Congress that is our system of Democratic government.

*(11.)*   The FDA did frustrate Congress intent and impaired the *Public Protective Statutory System of Federal Prescription Drug Regulation the State Tort Law presented*. As obstacle to the accomplishment and execution of the full purpose and objective of the named DEFENDANT {S} within Congress, State Law Claims against pharmaceutical manufacturers gave only the appearance of performing that important remedying role in compensating injured individuals and encouraging drug safety. *Sprietsma v. Mercury Marine, 537 U.S. 51,64 (2002).*

(12.)   The consequence of the DEFENDANT {S} deliberate actions of manipulation provided such vast immunity for the Prescription Drug

5

Companies while simultaneously failing to protect the public.

So by allowing the perpetrators to volunteer a settlement that is stringent at best without ever receiving Prosecution. Is in and of itself a Criminal Offense when perpetrated by our highest elected legislators.

To the DEFENDANT {S} Inventing with knowledge of poison ingredients lethal qualities, gaining FDA approval by Forgery, distributed marketing tactics, false and missing warning labeling, disregarding all efforts for reform for extremely prosperous years while 88,000 murdered people and 169,000 people was continued suffering with this documented by the FDA, is the result of the DEFENDANT [S] knowledge and willingly setting an industry above the law with such foreseeable disasters results, as we know any other product has manufacturer accountability, then certainly the DEFENDANT [S] is guilty as charged. For Merck-working with our Legislatures and then working with Merck and the industry, as a whole was business as usual and the collateral damage to the public the high cost of doing business. As things are now State Tort Law does not complement Federal drug regulation. The only compensating for injury by misconduct is Product Liability Litigation. (See Exhibit in part Memorandum Reform Committee May 5, 2005)

(13.)   The persistent reasons for maintaining FDA Approval of drug label do not preempt State Law Failure to Warn Claims. Manufacturers should be held accountable to supply the FDA with the most current evidence so that the labels reflect the best scientific information. Congress understands

6

the State Tort Law is an indispensable partner to Federal Safety Regulations . *NOTE:* Preempting State Law when there is NO LAW, No Statute but that, to hold any drug manufacturing Company Accountable is not Acceptable because State Tort Law is an indispensable partner to Federal Safety Regulations, the Court has instructed that Preemption analysis must begin with a healthy Presumption against displacement of State Law:" In all preemption cases, and particularly in those in which the DEFENDANT {S} wrote legislation in the area which the states traditionally occupy, starts with the assumption that historic police powers of the state to protect the public were not to be superseded by Federal Act unless that is the clear and manifest purpose of Congress."

(14.) Since 1938 when the Federal Food, Drug and Cosmetic Act was enacted, Congress, the Courts and the FDA have operated with a shared understanding that *FDA approval of a drug label does not preempt State Law failure to warn claims. Until defective prescription drugs are the issue.*

(15.) The History of the Federal Food, Drug, Cosmetic Act confirms that it does not preempt **Failure to Warn Claims**. Federal drug labeling regulation began with *the Pure Food and Drug Act of 1906. Pub. L. No. 59-384, 34 Stat. 768 (1906), codified at 21 U.S.C. §§1-15 (1934) (repealed in 1938 by 21 U.S.C. § 329 (a). Prior to 1906,* "The States provided the primary and possibly the exclusive source of regulatory control over the labeling of foods and drugs." *In the VIOXX Product Liability Litigation 501 F. Supp. 2 d 776, 782 (E.D. LA. 2007).*

7

State Courts recognized Common Law causes of action for negligence with respect to medicines and related products.

(16.) History of the 1906 Pure Food and Drug Act and the Meat Inspection Act 37, Food, Drug, Cosmetic Act;

> (a.) The DEFENDANT {S} et al., had knowledge of the history.
> (b)They knew <u>State Tort offers remedies</u> to victims of defective drugs and conceded to the state the authority to make <u>regulations consistent with Federal Law</u> for the further protection of American Citizens against impure and misbranded food and drugs.

(17.) The Congress in 1982 considered including in the Act a private Federal Cause of Action for damages caused by *<u>faulty or unsafe products. H.R. Rep. No.73-6110.9: 42 U.S.C. §2210 (Price Anderson Act),</u>*" a right of action for damages shall accrue to any person for injury or death proximately caused by a violation of this Act."

(18.) However, the DEFENDANT {S} et al., <u>DELETED</u> this proposed private cause of action from the bill on the grounds that it is unnecessary because a Common Law right of action exists UNDER STATE LAW. The DEFENDANT {S} et al., did willingly manipulate the Committee members with the intent to deceive Congress into rejecting the original FD&C Act that provides a Federal Cause of Action for damages for injuries caused by Defective Prescription Drugs. The DEFENDANT {S} change was drafted and the Act amended. Therefore, the public has no remedy against Defective Prescription Drugs.

8

*S.687 The Product Liability Fairness Act 1993*
*See Judge Fallon's Order and Reason in Gomez v. Merck.*

(19.) Congress as a whole has assumed State Law Causes of Action would remain under the FDCA. That, coupled with its decision NOT to provide a Federal remedy is evidence that Congress knowingly displaced State Law. The courts have acknowledged Congress' intention to deprive injured parties of the formerly long available form of remedy/compensation provided by State Law. The intention of Congress is clearly expressed by the resulting implementation: NO REMEDY.

*Bates v. Dow Agro Sciences LLC 544 U.S. 431,449(2005) The silence of Congress while enacting and amending the FDCA Act takes on added significance since Congress' failure to provide any Federal Remedy for persons injured by such conduct. Also trumped State Law as recourse for remedy. " Congress did without comment remove all means of judicial recourse for those injured by illegal conduct". i.e. defective drugs et al.*

(20.) Plaintiff, JOAN M. PETTY additionally Alleges that DEFENDANT [S] et al., did criminally influence Congress as a whole using their authority and experience as Professionals the Congressmen, DEFENDANT [S] researched the needs of the Healthcare Reform and against the best interest of the public again manipulated the needed agenda away from needed issues. They completely ignored the Public's risk, intentionally omitting Product Liability for Prescription Drugs and Medical Devises. Thereby, leaving the public's well being in the care of <u>Unregulated Ungoverned Pharmaceutical Industries'</u>

<u>Top Executives whose Greed cost many the loss of life or health. 88,000 dead and 129,000 grievously harmed by VIOXX alone.</u>

9

(21.) The DEFENDANT [S] et al., must take responsibility for the loss of availability of State Law Causes of Action. They revisited the FDCA in a series of amendments over the past Century simply to keep the <u>Shield of Immunity in place for Pharmaceutical Manufacturing Companies</u>. The practical application: Federal preempts the Courts at State Level Practice as the Congress supports by FDCA amendments. NO REMEDY. Supra

(22.) The 1962 Amendments" shifted the burden of proof, from the FDA which previously had to prove harm to keep a drug from being marketed by Manufacturers. Manufacturers are now required to demonstrate both <u>Safety and Efficacy</u> prior to receipt of marketing approval." Even with the reforms the FDA's ability to form judgments about the <u>Safety and Efficacy</u> of drugs depends upon the submission of data, usually from that very drug company sponsors, rather than on the use of data developed independently or on the FDA's own initiative. This has permitted drug manufacturing Companies to contribute to creating <u>a Conflict of Interest</u> and <u>Fraud</u> using Ghostwriters.

(23.) The 1962 Amendments also clarified the FDA's amendment the Federal Food, Drug and Cosmetic Act effect of the Federal Food, Drug and Cosmetic Act to cases *of Direct and Positive Conflict*." *Pub. L. No. 87-781, §202, 76 Stat. 780, 793 (1962)." Nothing in the amendments made by this Act to the Federal Food, Drug Cosmetic Act shall be construed as*

10

*invalidating any provision of State Law which would be valid in the absence of such amendment and such provision of State Law."*

(24.) The provisions make clear the Amendments <u>DO NOT PREEMPT STATE LAW</u> in the absence of such a " <u>Direct and Positive Conflict.</u> Clearly the DEFENDANT {S} et al., enacted as Legislation to reverse the Riesel decision and introduced in both the House and Senate. See S. 3398,110th Cong.: expressed PREEMPTION provision for Medical Devise, *Riesel v. Medtronic, Inc. 128 S. Ct.999 (2008)*

(25.) In consideration of effects of the express preemption provision of the *Medical Devise Amendment of 1976,21 U.S.C. §360 (k) (a):* Many Members of Congress do not agree with the construction of the Medical Devise Amendments adopted by the Court in the Riesel Case Furthermore, that decision does not govern this case because there is <u>NO EXPRESSED PREEMPTION</u> for Drugs in the FDA as would be necessary to afford the consuming public a remedy.

(26.) Confirming the absence of preemption on the case is the expressed anti-Preemption provision for nonprescription or" over the counter (OTC) drugs, *FDCA Sect. 751,21 U.S.C §379s*. These provisions prohibit any State of political subdivision from establishing or continuing "any requirement" relating to the regulation of an OTC drug or the labeling or packaging of a cosmetic that is different from or, in addition to , or that is otherwise not Identical with, a provision requirement which resides in the

11

*Fair Packaging and Labeling Act. 15 U.S.C.§ 1451 et seq., See 21 U.S.C§§ 379 r (a), 379s (s) Federal Food, Drug Cosmetic Act the Poison Prevention Packaging Act of 1970,15. U.S>C. §1471 et. Seq.*

(27.)As recently the United States Supreme Court ruled 6 to 3 against preemption of the Medical Devise in the Levine Case, but again did not include Prescription Drugs.

*Further Claimed of Disambiguation (intra vires)" Beyond the Powers-Within Powers" (Above the Law that Congress's power affords immunity to the Prescription Drug Companies.)* No Protection for the American Consumer. *This is violation of Equal Protection of the Law"*

When the public is left at risk of being killed and injured without recourse to prosecute for damages in a Court of Law that requires accountability for killing or injury. Example: (Merck's *VIOXX killed 88,000 and injured 169,000 with heart attacks and strokes.) See Graham's report also states suffered life threatening injury.*

**This is the greatest death and damage from a single product in the United States History.**

12

## REASON FOR GRANTING THE UN-CONSTITUIIONAL CLAIM

(28.)   Plaintiff JOAN M.PETTY, brings a Un-Constitutional Claim and Demand for Jury Trial for all the named DEFANDANT [S] et al., stated and Alleged. *Pursuant to Article II Sec. 4 of the United States Constitution and Article I Sec. 2 & 3 secured by the United States Constitution.* Plaintiff JOAN M. PETTY, Request and PRAYS for Equal Protection of the Law and Fundamental Rights a Court ORDER for Injunctive Relief and Declaratory Judgment. Ordering the DEFENDANT {S} Estoppel their Abuse of Power and Serious Misconduct in Office and to Resign from their Office or be Impeached to Stand Trial for High Crimes and/or Misdemeanors.

## CONCLUSION

(29.)   The DEFENDANT {S} et al., may have agreed with the Pharmaceutical Empire that allowing prosecution of Pharmaceutical Manufactures and Criminating Pharmaceutical Executives would cause a loss of revenue and talent that would hamper long-term development of new drugs for the Consuming Public.

The actual result of Shielding the Pharmaceutical Industry and the Individuals there in was a loss of customary protection usually in place to prevent an industry from criminally developing and marketing and persisting in marketing a defective product. Witness the 88,000 deaths attributed to VIOXX and the 169,000 Individuals the FDA Data reported to

13

Congress.

Our elected Congressional Representative is liable for their active part since 1962 regarding the manipulation of the FDA and the Public on behalf of excusing the Pharmaceutical industry and its executives from normal Protections of its Consumers.

Respectfully Submitted by: *Joan M Petty* Date: *July, 2009*
Joan M. Petty
107 Grapefruit Ave. NW
Lake Placid, Florida 33852
Phone: 863-465-1200

AFFIDAVIT:
STATE OF FLORIDA:
County of Highlands:

Plaintiff Joan M. Petty, first duly sworn by a Notary, states on this 6 day of July, 2009, that all the foregoing statements are true and to the best of her knowledge.

*Joan M Petty*
Joan M. Petty, Plaintiff

Notary (seal)

MICHELE L. SHAW
Notary Public, State of Florida
My comm. expires Dec. 6, 2011
Comm. No. DD740043

14

CERTIFICATION OF SERVICE:

I Certify that the attached fore mentioned Un-Constitutionally Claim and Civil Rights has been served by THIRD PARTY and/or Electronic Service and Certified Return Receipt and the United States Postal Service on this _____ of July, 2009 to the following in Accordance to the Law.

*Joan M. Petty*
Joan M. Petty
107 Grapefruit Ave. NW
Lake Placid, Florida 33852
Phone/Fax: 863-465-1200
E-mail: radiob3711@embarqmail.com

LIST TO BE SERVED:

*United States Attorney General and*
*Inspector General/ Solicitor General*
*Room 5614*
*Department of Justice*
*950 Pennsylvania Ave. N.W.*
*Washington D.C. 20530-0001*

*United States Senate Speaker of the House*
*Nancy Pelosi, Democrat*
*235 Cannon HOB*
*Washington D.C. 20515*

*United States House Speaker of Representatives*
*Tom Rooney, Republican*
*1529 Long worth HOB*
*Washington D.C. 20515*
*Phone 202-225-3132*

*And Others*

15

TOM DAVIS, VIRGINIA
CHAIRMAN

CHRISTOPHER SHAYS, CONNECTICUT
DAN BURTON, INDIANA
ILEANA ROS-LEHTINEN, FLORIDA
JOHN M. MCHUGH, NEW YORK
JOHN L. MICA, FLORIDA
GIL GUTKNECHT, MINNESOTA
MARK E. SOUDER, INDIANA
STEVEN C. LATOURETTE, OHIO
TODD RUSSELL PLATTS, PENNSYLVANIA
CHRIS CANNON, UTAH
JOHN J. DUNCAN, JR., TENNESSEE
CANDICE MILLER, MICHIGAN
MICHAEL R. TURNER, OHIO
DARRELL ISSA, CALIFORNIA
VIRGINIA BROWN-WAITE, FLORIDA
JON C. PORTER, NEVADA
KENNY MARCHANT, TEXAS
LYNN A. WESTMORELAND, GEORGIA
PATRICK T. MCHENRY, NORTH CAROLINA
CHARLES W. DENT, PENNSYLVANIA
VIRGINIA FOXX, NORTH CAROLINA

ONE HUNDRED NINTH CONGRESS

# Congress of the United States
## House of Representatives
COMMITTEE ON GOVERNMENT REFORM
2157 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515–6143

MAJORITY  (202) 225-5074
FACSIMILE (202) 225-3974
MINORITY  (202) 225-5051
TTY       (202) 225-6852

http://reform.house.gov

HENRY A. WAXMAN, CALIFORNIA
RANKING MINORITY MEMBER

TOM LANTOS, CALIFORNIA
MAJOR R. OWENS, NEW YORK
EDOLPHUS TOWNS, NEW YORK
PAUL E. KANJORSKI, PENNSYLVANIA
CAROLYN B. MALONEY, NEW YORK
ELIJAH E. CUMMINGS, MARYLAND
DENNIS J. KUCINICH, OHIO
DANNY K. DAVIS, ILLINOIS
WM. LACY CLAY, MISSOURI
DIANE E. WATSON, CALIFORNIA
STEPHEN F. LYNCH, MASSACHUSETTS
CHRIS VAN HOLLEN, MARYLAND
LINDA T. SANCHEZ, CALIFORNIA
C.A. DUTCH RUPPERSBERGER,
  MARYLAND
BRIAN HIGGINS, NEW YORK
ELEANOR HOLMES NORTON,
  DISTRICT OF COLUMBIA

BERNARD SANDERS, VERMONT,
  INDEPENDENT

## MEMORANDUM

### May 5, 2005

**To:** Democratic Members of the Government Reform Committee

**From:** Rep. Henry A. Waxman

**Re:** The Marketing of Vioxx to Physicians

    On November 9, 2004, the Committee on Government Reform requested that Merck provide the Committee with a wide range of documents related to the anti-inflammatory drug Vioxx. The request expressly sought "all presentations, training sessions, or materials given to Merck employees and agents who marketed Vioxx" and "all records of communication provided to healthcare providers and pharmacists concerning the safety and efficacy of the drug."[1] In response to this request, Merck provided the Committee with over 20,000 pages of internal company documents, including course curricula, bulletins to the field, training manuals, company talking points, memoranda among senior executives, and promotional materials for use with physicians. The Committee also received documents from FDA related to Vioxx.

    These documents provide an extraordinary window into how Merck trained its sales representatives and used them to communicate to physicians about Vioxx and its health risks. In fact, the documents may offer the most extensive account ever provided to Congress of a drug company's efforts to use its sales force to market to physicians and overcome health concerns.

    To assist members in their preparation for the May 5, 2005, hearing on FDA and Vioxx, this memorandum summarizes the key documents received by the Committee. It assesses how Merck trained its sales representatives, whether this training was consistent with a primarily educational purpose for contacts with physicians, and whether Merck's sales representatives were instructed to discuss fairly and accurately the cardiovascular risks of Vioxx with physicians.

---

[1] Letter from Chairman Tom Davis to Merck Chief Executive Officer Ray Gilmartin (Nov. 9, 2004).

Exhibit 1 of 2

The Committee did not receive documents from Pfizer related to its anti-inflammatory drugs Celebrex and Bextra, nor has the Committee received or reviewed documents from other drugs companies related to the marketing of other drugs. Thus, this memorandum cannot assess whether Merck's practices are better or worse than or the same as those of other drug companies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TABLE OF CONTENTS**

EXECUTIVE SUMMARY ............................................................................................. 2

I.   INTRODUCTION ............................................................................................. 4

II.  HOW MERCK TRAINED ITS SALES REPRESENTATIVES ................................ 7
     A. General Sales Techniques ......................................................................... 7
     B. Specific Marketing Strategies ................................................................. 12

III. COMMUNICATIONS ABOUT VIOXX AND ITS RISKS ................................... 16
     A. The VIGOR Trial .................................................................................. 16
     B. The FDA Advisory Committee Meeting ................................................ 20
     C. The *New York Times* Article ................................................................ 23
     D. *JAMA* Study ....................................................................................... 25
     E. Changes to the Vioxx Label .................................................................. 26

IV.  CONCLUSION ............................................................................................. 29

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2

EXhibiT·2 oF2

**◆JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Joan M. Petty

**DEFENDANTS** Patrick Feshay et al.
Raymond V. Gilmartin, Richard T. Clark, Edward M. Scolnick
Merck & Co. Inc.

**(b)** County of Residence of First Listed Plaintiff  Highlands
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

107 Grapefruit Ave. NW
Lake Placid, Florida 33852
863-465-1200

Attorneys (If Known)

**09-14225-Civ-MARTINEZ/LYNCH**

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☑ OKEECHOBEE / HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ■ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Sec. Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

FILED by LH D.C.
ELECTRONIC
July 6, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO
JUDGE _____ DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): USC 21-329 - Violation - omitted regulatory law for Prescription Drugs. Intentionally caused & denial of Equal Protection of the Law.

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD: Joan M Petty
DATE: 7-6-09

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____ IFP ✓